IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIVERSIFIED CREDIT SERVICES, INC.                    PLAINTIFF

      v.

DANIEL LAPOINTE            Civil No. 06-5189            DEFENDANT

      v.

HEALTHPLAN SERVICES, INC. AND
NEW ENGLAND LIFE INSURANCE COMPANY        THIRD-PARTY DEFENDANTS

<u>**ORDER**</u>

NOW on this the 22nd day of May 2007, comes on for consideration third-party defendants' **Motion for Summary Judgment** (document #9), defendant's **Motion for Summary Judgment** (document #15), and the various responses and replies thereto. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. On July 31, 2006, plaintiff Diversified Credit Services, Inc. ("Diversified") commenced this action against defendant Daniel LaPointe ("LaPointe") seeking judgment for certain unpaid medical bills. In its complaint, Diversified asserts that Washington Regional Medical Center ("Washington Regional") furnished medical services to LaPointe and LaPointe owes an unpaid balance of $12,145.65 for the services rendered. Diversified further asserts that the underlying debt owed to Washington Regional has been assigned to Diversified for collection.

On August 29, 2006, LaPointe commenced a third-party action against third-party defendants Healthplan Services, Inc. and New England Life Insurance Company (collectively "Healthplan"). In his complaint, LaPointe claims that Healthplan is liable to Diversified for the unpaid medical expenses at issue.

LaPointe and Healthplan now move, independently, for summary judgment. Specifically, LaPointe moves for summary judgment, in his capacity as defendant, as to Diversified's debt-related claims against him. Healthplan moves for summary judgment, in its capacity as third-party defendant, as to LaPointe's ERISA[1]-based claims against it. LaPointe and Healthplan each oppose the motions of the other. Diversified has not responded to either motion.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the

---

[1] The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et. seq.

evidence is such that no reasonable jury could return a verdict for the non-moving party. <u>Anderson v.  Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." <u>F.D.I.C. v. Bell</u>, 106 F.3d 258, 263 (8th Cir. 1997); <u>see also</u> <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." <u>Liberty Lobby</u>, 477 U.S. at 256.  The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

3.  Pursuant to Local Rule 56.1, Healthplan filed a statement of facts which it contends are not in dispute.  As LaPointe failed to file a statement of facts with either his motion for summary judgment or in response to Healthplan's motion, all material facts set forth in Healthplan's statement of facts are deemed admitted by LaPointe.  See Local Rule 56.1(c).

From Healthplan's statement of facts, the pleadings, and for the purpose of the motions before the Court, the following material undisputed facts appear:

* This lawsuit involves both a debt-collection claim and an ERISA claim brought pursuant to 29 U.S.C. § 1132.

* LaPointe was an employee of New Technology, Inc. and was a participant in New Technology, Inc.'s Group Major Medical Insurance Policy G-27072 (the "Plan").

* New Technology, Inc. purchased the Plan from the New England Life Insurance Company.  Healthplan Services, Inc. is the third-party administrator of the Plan.

* LaPointe incurred room and board charges on or about June 14-16, 2004, at Washington Regional, in the amount of $68,071.68.

* LaPointe's claim for the charges incurred at Washington Regional was submitted to Healthplan.  Healthplan audited these charges for accuracy and reasonableness of charges.

* The Plan includes a usual and customary charge provision, stating in pertinent part:

> Benefits – After the deductible has been satisfied, we pay the expenses for covered charges.  The amount we pay is based on the usual and customary charge for the treatment, service or supply in the locality furnished.  The Schedule of Insurance shows the amount we pay.

With regard to charges for which a benefit is not payable, the Plan provides, in relevant part:

> General Limitations – No benefit is payable for any of the following charges ... (14) Charges that exceed the usual and customary charge as determined by us for the treatment, service or supply in the locality where furnished.

The Plan defines "usual and customary" charges as:

> The charges in the locality where the service is provided, as determined by us, equal to the lesser of: the fee most often charged by the provider of the medical services for that service or similar service, or the fee most often charged for the same

> or similar service by other providers with similar
> training and experience.

Pursuant to the foregoing provisions, payment by Healthplan is allowed only for covered medical services priced no higher than the "usual and customary charge" for the treatment, services, or supplies for which a debt is incurred.

* Based on its audit finding, Healthplan paid $55,626.03 to Washington Regional. This amount was determined by Healthplan to be the usual, reasonable, and customary amount for the medical services rendered.

* To date, the balance of $12,445.65 remains unpaid.

4. A denial of benefits[2] challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan confers such discretionary authority, the reviewing court must apply a deferential abuse of discretion standard, and the administrator's decision may only be overturned if it is arbitrary and capricious. Id. See also, McKeehan v.

---

[2] LaPointe asserts that he has not been "denied" any benefits of the policy, but rather Healthplan has simply failed to pay all of the disputed medical bills. See LaPointe's Answer to Third-Party Defendant's Response to Motion for Summary Judgment at 1. The Court finds that LaPointe's argument on this point is purely semantic in nature and without substantive merit. Moreover, having reviewed the record, particularly Healthplan's exhibits 1 and 3, the Court finds that LaPointe has, indeed, been denied benefits by Healthplan. Thus, the following discussion of the standard of review to be applied when a denial of benefits is at issue is appropriate in this case.

<u>Cigna Life Ins.</u>, 344 F.3d 789, 792 (8th Cir. 2003).

Under the abuse of discretion standard, a court may only overturn a claims administrator's decision if it is unsupported by substantial evidence in the record. <u>Schatz v. Mut. of Omaha Ins. Co.</u>, 220 F.3d 944, 949 (8th Cir. 2000). Substantial evidence supports the administrator's decision if a reasonable person could have reached a similar decision given the evidence before him, not that a reasonable person would have reached that decision. <u>Id</u>. (citing <u>Donaho v. FMS Corp.</u>, 74 F.3d 894, 899 (8th Cir. 1996)). The administrator's decision should not be disturbed if it is based on more than a scintilla of supporting evidence; a preponderance of the evidence is not required. <u>House v. Paul Revere Life Ins. Co.</u>, 241 F.3d 1045, 1048 (8th Cir. 2001). Moreover, the fact that the record contains conflicting evidence does not render the decision arbitrary and capricious. <u>Oldenburger v. Cent. States Southeast & Southwest Areas Teamster Pension Fund</u>, 934 F.2d 171, 174 (8th Cir. 1991).

5. It is undisputed that the Plan gives Healthplan discretion to determine eligibility for and entitlement to benefits. <u>See Firestone Tire & Rubber Co.</u>, 489 U.S. at 115 (1989) (stating that to qualify for deferential review, the plan administrator and fiduciaries under ERISA need only reserve discretionary authority to themselves in the Plan document); <u>see also</u> <u>Clapp v. Citibank, N.A. Disability Plan (501)</u>, 262 F.3d 820, 827 (8th Cir. 2001) (holding that the "as determined by" provision in an insurance plan

was explicit "discretion-granting language").   As the claims administrator, Healthplan has discretion under the terms of the Plan to determine eligibility and to construe the terms, including the payment terms, of the Plan.   Thus, the determination of Healthplan to pay $55,626.03 of the $68,071.68 medical debt incurred by LaPointe can only be overturned if it was arbitrary and capricious.

6.   LaPointe's care at Washington Regional was audited by Healthplan for accuracy and reasonableness of charges.   The report of the audit findings shows that any charges that were adjusted were noted with a specific reason code.   Additionally, the charges denied with Reason Codes J, P, R, and S gave Washington Regional the opportunity to provide additional information to substantiate the charges.   To date, Washington Regional has not provided any such additional information to Healthplan.

7.   LaPointe fails to raise a genuine issue of material fact as to whether the Plan administrator's decision not to pay certain charges under the Plan's "usual and customary" provision was an arbitrary and capricious construction of the Plan.   In fact, LaPointe has not pled or otherwise asserted that Healthplan did not comply with the terms of the Plan in handling his claim.   Further, LaPointe has presented no evidence to refute Healthplan's prima facie evidence that it reasonably relied on the Plan's usual and customary charge provision and has paid the amount required under the Plan.   Thus, LaPointe fails to meet proof with proof by failing

to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.

For the foregoing reasons, the Court finds that the decision to deny LaPointe's benefits was reasonably based on substantial evidence in the record and the clear terms of the Plan; and, LaPointe has not shown otherwise.  Therefore, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted in favor of Healthplan.

8.  Regarding LaPointe's Motion for Summary Judgment, it follows from the foregoing that summary judgment is not appropriate as to Diversified's claim against LaPointe.  The central issues raised by LaPointe's motion are: (1) whether, under ERISA, Healthplan is liable for the remaining balance of the medical expenses incurred by LaPointe; and (2) if Healthplan is not liable for the remaining balance, whether LaPointe is personally liable for this debt.  As the former issue is disposed of herein in Healthplan's favor, the latter issue must now be resolved. However, LaPointe's motion focuses on the question of Healthplan's liability and does not fully address or dispose of the remaining issue of his own liability.  In fact, beyond pointing to Healthplan as the party that should properly pay the remaining balance of $12,145.65, LaPointe fails to offer any evidence to rebut Diversified's claim that LaPointe owes it the disputed debt. LaPointe simply argues that Healthplan is the proper defendant in this matter.  Specifically, LaPointe's primary defense for his non-

payment of the remaining balance is that he "is not liable for the balance due as it is a matter between the Plaintiff [Diversified] and the Third-party Defendants [Healthplan]."   See LaPointe's Answer to Third-Party Defendants' Motion for Summary Judgment at 2. For the reasons set forth above, this argument fails.

Thus, when the Court affords Diversified the favorable inferences to which it is entitled at this stage in the case, it finds that summary judgment is not appropriate as to Diversified's claim against LaPointe.

**IT IS, THEREFORE, ORDERED** that Healthplan's **Motion for Summary Judgment** (document #9) should be, and it hereby is, **granted** and judgment in favor of Healthplan will be entered by separate document filed concurrently herewith.

**IT IS FURTHER ORDERED** that LaPointe's **Motion for Summary Judgment** (document #15) should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**